## Bart S. Adams et al. v. Crown Coal and Tow Co. et al.

1. JURISDICTION—*When Too Late to Question.*—Where a controversy in the nature of a bill of interpleader, is in a court of general jurisdiction, the form of the procedure being somewhat irregular, but the parties all appear before the court and submit to its jurisdiction without objection, it is too late to raise the question of jurisdiction in the Appellate Court.

**Proceeding in the Nature and Effect of a Bill of Interpleader.**— Appeal from the Circuit Court of Clinton County; the Hon. MARTIN W. SCHAEFER, Judge, presiding. Heard in this court at the February term, 1901. Affirmed. Opinion filed September 4, 1901.

J. M. HOLMES and KENT K. KOERNER, attorneys for appellant.

WEBB & WEBB, attorneys for E. L. Thomas, appellee.

GUSTAVUS A. KOERNER and VICTOR K. KOERNER, attorneys for appellee Crown Coal & Tow Co.

MR. PRESIDING JUSTICE CREIGHTON delivered the opinion of the court.

This was a summary proceeding in the Circuit Court of St. Clair County, quite analagous in its nature and effect to a bill of interpleader. All the interested parties were before the court, all were fully heard with respect to their interests and claims, and a decree was rendered by the court. From such decree Bart S. Adams alone appealed, but the Crown Coal and Tow Company also assigns errors.

The parties to this controversy had been engaged in extensive business enterprises and transactions, in which they sustained various and complicated relations to and with each other, out of which much litigation arose. After certain suits had progressed to judgments in the Circuit Court, and while the suit in chancery to which this controversy is attached was still pending and undetermined in that court, Adams, Thomas and Taylor entered into the following agreement:

" Whereas, a controversy has arisen between Bart S. Adams, E. L. Thomas and John T. Taylor over their respective rights and interests in the amounts due to them, respectively, from the Crown Coal and Tow Company, now it is agreed between the three said parties, for the purpose of settling the said controversy, and for the further purpose of settling and adjusting all claims and disputes between them arising from or growing out of their connection with the Crown Coal Company, that the judgment for $1,900 and a fraction, be the same more or less, heretofore rendered by the Circuit Court of St. Clair County, Illinois, in the case of Bart S. Adams v. Crown Coal and Tow Company, and the judgment heretofore rendered in the same court for $3,200, be the same more or less, in the case of Bart S. Adams and John T. Taylor v. The Crown Coal and Tow Company, and the judgment which may hereafter be rendered in the accounting suit of Bart S. Adams and John T. Taylor against the Crown Coal and Tow Company and pending in said court, shall be deemed and considered as belonging to the said Bart S. Adams, E. L. Thomas and John T. Taylor; and the proceeds and avails thereof, after deducting therefrom the costs, fees and charges due on account thereof, shall be divided equally between the said three parties; as and when the same shall be realized."

The accounting suit of Bart S. Adams and John T. Taylor against the Crown Coal and Tow Company, mentioned in the above contract, progressed to final decree in the Circuit Court, in favor of Adams for the sum of $2,124.33, and in favor of Taylor for the sum of $952.66. The Crown Coal and Tow Company appealed the case but it was affirmed, and thereafter on the 8th day of October, 1900, the Crown Coal and Tow Company were served by Adams with the following notice.

" You are hereby directed to pay the amount found by the decree in said cause by the Circuit Court of St. Clair County, Illinois, in chancery sitting, and affirmed by the Appellate Court of the 4th District of Illinois, to Bart S. Adams in person, and not to any agents or attorneys appearing for him of record in said cause; that no execution is to issue for the amount so found to be due to said Adams in said cause unless directed by said Adams in person. Bart S. Adams."

And on the 15th day of October, 1900, said company was served by Thomas and Taylor with the following notice:

"You will please notice, that you will not pay more than one-third of the amount of the total sum of the decree in the above case to Bart S. Adams or his attorney, John M. Holmes. We further notify you, that we, the undersigned, are the owners of two-thirds of said decree, and shall require you to pay the same to Webb & Webb, our attorneys. We hereto attach a copy of the agreement between ourselves and Bart S. Adams, showing interests of the several parties in the said decree. Edward L. Thomas, John T. Taylor."

Accompanying this notice was a copy of the contract above quoted. On this same 15th day of October, the Crown Coal and Tow Company paid to the clerk of the court $1,021.20 for the use of Taylor, being the amount, with interest, recovered in his favor in said decree, and this sum was credited on the decree.

On the 25th day of October, Messrs. Webb & Webb, attorneys of record in the case, sued out an execution, and on the 29th day of said month, the Crown Coal and Tow Company, having given due and proper notice, filed its motion to quash the execution. A hearing was had upon this motion, and the court ordered that upon payment to the clerk by November 5th, the sum of $1,359.72, in addition to the $1,021.20 theretofore paid, the sheriff should return the execution satisfied except as to costs; that in default of such payment the execution should remain in full force, and said sum, if so paid, should remain in court until the court should determine who was entitled to receive it. The money was paid into court, and on the 26th day of November, Bart S. Adams filed his petition and motion for a rule on the clerk to pay the same over to him, he claiming that the contract above quoted between him and Thomas and Taylor "was wholly without consideration, has not been observed by Thomas and Taylor," and that the charges for attorney's fees are improper and excessive. Taylor having received the $1,021.20, his portion, had no further interest in the controversy.

·The fund remaining in court was $1,359.72, and for this stake all the interested parties contested. The Crown Coal and Tow Company claiming that it had settled with Adams and paid the full amount to him before it was ordered to pay it into court and that therefore this money ought to be returned to it. Thomas and Webb & Webb claiming that it ought to be paid to them, as Thomas' share under the agreement, and Webb & Webb's fees, being the "fees and charges due on account thereof," provided for in the agreement. And Adams contending, as stated in his motion, that the contract was wholly without consideration and not kept by Thomas and Taylor, and that the attorney fees of Webb & Webb were improper and excessive, and that he being the decree creditor was entitled to the money.

While the amount in controversy here is only $1,359.72, the amount originally decreed as due to Adams with accrued interest was $2,283.66, and it was for this latter sum that execution issued. There is evidence tending to show that the Crown Coal and Tow Company did have some kind of understanding with Adams and had his receipt in full, yet it is conclusively shown that prior to the date of this receipt the Crown Coal and Tow Company had been fully notified of the claims and interests of Thomas and Webb & Webb, and had been served with a copy of the contract upon which these claims are based, so that whatever settlement was made with Adams, if any such was in fact made, was made with full knowledge of the rights and interests of Thomas, and Webb & Webb, in the subject-matter of the settlement, and their rights under such circumstances were not affected. It will be observed that the trial court did not attempt to disturb this alleged settlement as between the Crown Coal and Tow Company and Adams and did not order the whole of the $2,283.66 paid into court but only so much of it as would cover the claims of Thomas and Webb & Webb. Counsel for the Crown Coal and Tow Company now say that the whole proceeding is irregular and that the court had no jurisdiction. It is true that the form of the procedure is somewhat irregular, but

the court had general jurisdiction of such subject-matter, and the parties were all before the court and submitted themselves to its jurisdiction without objection. It is too late to raise the question of jurisdiction here.

The testimony upon the disputed questions of fact is very voluminous, covering almost a hundred pages of the record, and we can not consume time and space in discussing it in detail. Our conclusion from it all is, that the agreement between Adams, Thomas and Taylor, is supported by sufficient consideration, that Thomas and Taylor did substantially perform their part of it, that the fee due to Webb & Webb is embraced within the provision of the contract for payment of " fees and charges," and that the amount of such fee, as allowed by the trial court, is not excessive but is reasonable and just.

We find no such error in this record as calls for a reversal. The judgment of the Circuit Court is affirmed.